[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Carol A. Mefford, individually, has appealed from the judgment of the Probate Division of the Hamilton County Court of Common Pleas, declaring ineffective the "pour-over provision" of the Last Will and Testament of Charles F. Mefford.
The first assignment of error, alleging that the trial court erred in declaring the "pour-over provision" ineffective, is overruled.
R.C. 2107.63 provides the following:
 A testator may by will devise, bequeath, or appoint real or personal property or any interest in real or personal property to a trustee of a trust that is evidenced by a written instrument signed by the testator or any other settlor either before or on the same date of the execution of the will of the testator, that is identified in the will, and that has been signed, or is signed at any time after the execution of the testator's will, by the trustee or trustees identified in the will or their successors or by any other person lawfully serving, by court appointment or otherwise, as a trustee.
 Item II of the Last Will and Testament of Charles F. Mefford states,
 All the rest and residue of my property whether real, personal or mixed I give and bequeath to CAROL A. MEFFORD, successor Trustee, her successors and assigns under a trust dated May 24, 1996.
 There is no trust document dated on or before May 24, 1996, the date of the execution of Charles Mefford's will. The trust document in existence on May 24, 1996, was destroyed in Charles Mefford's presence at the time of, or shortly after, the execution of a new trust document on June 20, 1996. The will refers to a trust document dated May 24, 1996, not June 20, 1996. The June 20, 1996, trust document was not in existence at the time Mefford's will was executed and was not identified in the will. In fact, part of the corpus of the June 20, 1996, trust was not in existence at the time Mefford's will was executed. The trial court held, and we agree, that there is no evidence that the June 20, 1996, trust was intended to be an amendment to, or a modification of, the May 24, 1996, trust document. The second trust does not state that it is an amendment, restatement or revision, or that it is intended to supplant the May 24, 1996, trust document. Because the requirements of R.C. 2107.63
have not been met, the "pour-over provision" is ineffective.
The second assignment of error, alleging that the trial court erred in excluding testimony regarding Charles Mefford's intent with regard to the June 20, 1996, trust, is overruled. The terms of the June 20, 1996, trust are unambiguous. Therefore, the trial court did not err in excluding evidence of the grantor's intent. See McDonald Co.Securities, Inc., Gradison Div. v. Alzheimer's Disease and RelatedDisorders Assoc., Inc. (2000), 140 Ohio App.3d 358, 747 N.E.2d 843; PNCBank, N.A., Trustee v. Camping and Educ. Found. (Mar. 31, 2000), Hamilton App. No. C-990690, unreported.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Painter and Sundermann, JJ.